**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| QUINTON P. BROWN, | No. 15-35435 |
| Plaintiff - Appellant, | D.C. No. 2:14-cv-00397-SAB |
| v. | |
| FITZPATRICK, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted June 14, 2016[**]

Before:     BEA, WATFORD, and FRIEDLAND, Circuit Judges.

Washington state prisoner Quinton P. Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First Amendment claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2). *Resnick v.*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order).  We may affirm on any ground supported by the record.  *Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011).  We affirm.

The district court properly dismissed Brown's free speech claim because defendants' policy did not involve "censoring the content of communications." *Sands v. Lewis*, 886 F.2d 1166, 1172 (9th Cir. 1989), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343, 350 (1996); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim).

The district court properly dismissed Brown's retaliation claim because Brown failed to allege facts sufficient to show that defendant Fitzpatrick's actions did not advance legitimate penological interests.  *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a First Amendment retaliation claim in the prison context).

To the extent that Brown alleged that defendant Fitzpatrick mishandled his grievance, the district court properly dismissed this claim because inmates do not have "a constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

The district court did not abuse its discretion in dismissing Brown's

amended complaint without leave to amend after providing Brown with one opportunity to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review).

We do not consider allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir. 2009).

**AFFIRMED.**